Harris County Docket Sheet

# 2016-26094

**COURT:**   190th

**FILED DATE:**   4/22/2016

**CASE TYPE:**   Insurance



---

### LISTI, SAMUEL

Attorney: WORRALL, MATTHEW JAMES

**vs.**

### ALLSTATE TEXAS LLOYDS

Attorney: REYNA, JOHN BYRON

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |



| | | |
|---|---|---|
| **HCDistrictclerk.com** | LISTI, SAMUEL vs. ALLSTATE TEXAS LLOYDS | 5/23/2016 |
| | Cause: 201626094      CDI: 7      Court: 190 | |

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 4/22/2016 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Insurance |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 4/25/2016 |

### COURT DETAILS

| | |
|---|---|
| **Court** | 190th |
| **Address** | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:7133686310 |
| **JudgeName** | PATRICIA J. KERRIGAN |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| LISTI, SAMUEL | PLAINTIFF - CIVIL | | WORRALL, MATTHEW JAMES |
| C/O 100 WAUGH DRIVE, HOUSTON, TX 77007 | | | |
| ALLSTATE TEXAS LLOYDS | DEFENDANT - CIVIL | | REYNA, JOHN BYRON |
| C/O CT CORPORATION SYSTEM, DALLAS, TX 75201 | | | |
| COLBERT, ALLEN MICHAEL | DEFENDANT - CIVIL | | |
| 5415 MARGARET LANE,, BEAUMONT, TX 77708 | | | |
| ALLSTATE TEXAS LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT | REGISTERED AGENT | | |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs /Page | Volume | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----------|--------|-----------------|---------------|
| 5/20/2016 | ANSWER ORIGINAL PETITION | | | 0 | | REYNA, JOHN BYRON | ALLSTATE TEXAS LLOYDS |
| 4/22/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 4/22/2016 | ORIGINAL PETITION | | | 0 | | WORRALL, MATTHEW JAMES | LISTI, SAMUEL |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | COLBERT, ALLEN MICHAEL | 4/22/2016 | 4/26/2016 | | | | 73240035 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE TEXAS LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT | 4/22/2016 | 4/26/2016 | 5/2/2016 | 5/6/2016 | | 73240037 | CVC/CTM SVCE BY CERTIFIED MAIL |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 70339388 | Defendant's Original Answer | | 05/20/2016 | 2 |
| 70165777 | Domestic Return Receipt | | 05/06/2016 | 1 |
| 70015485 | Certified Mail Receipts | | 04/27/2016 | 1 |
| 69983425 | Certified Mail Tracking Number 7015 0640 0004 5594 0312 | | 04/26/2016 | 1 |
| 69983426 | Certified Mail Tracking Number 7015 0640 0004 5594 0329 | | 04/26/2016 | 1 |
| 69934004 | PLAINTIFF'S ORIGINAL PETITION | | 04/22/2016 | 35 |
| -> 69934006 | Civil Case Information Sheet | | 04/22/2016 | 1 |
| -> 69934007 | Civil Process Request Form | | 04/22/2016 | 1 |

**CIVIL CASE INFORMATION SHEET**

4/22/2016 4:36:22 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10268061
By: LUGO, BONNIE
Filed: 4/22/2016 4:36:22 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* 2016-26094 / Court: 190          COURT *(FOR CLERK USE ONLY):*

STYLED Samuel Listi v. Allstate Texas Lloyds and Allen Michael Colbert

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Matthew J. Worrall | Email: mworrall@potts-law.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Names of parties in case:

Plaintiff(s)/Petitioner(s):

Samuel Listi

Defendant(s)/Respondent(s):

Allstate Texas Lloyds and

Allen Michael Colbert

*[Attach additional page as necessary to list all parties]*

Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

Name: Matthew J. Worrall

Email: mworrall@potts-law.com

Address: 100 Waugh Drive, Suite 350

Telephone: 713-963-8881

City/State/Zip: Houston, Texas 77598

Fax: 713-574-2938

Signature: *Matthew J Worrall*/mjp

State Bar No: 24070883

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [x] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Family Law**

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

4/22/2016 4:36:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10268061
By: Bonnie Lugo
Filed: 4/22/2016 4:36:22 PM

# 2016-26094 / Court: 190

Cause No. _____

| | | |
|---|---|---|
| SAMUEL LISTI | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS AND ALLEN | § | _____ JUDICIAL DISTRICT |
| MICHAEL COLBERT | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Samuel Listi, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Texas Lloyds ("Allstate") and Allen Michael Colbert ("Colbert") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Samuel Listi, is an individual residing in and/or owning property in Harris County, Texas.

2.     Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

1

3.      Defendant, Allen Michael Colbert, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at 5415 Margaret Lane, Beaumont, Texas 77708.

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Colbert, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

2

10.     Plaintiff owns the insured property located at 7915 Windswept, in Harris County (hereinafter referred to as "the Property").   Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about January 8, 2016, a hail storm and/or windstorm struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.   The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm.   Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Colbert as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.   The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection.   The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.   As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages.

3

Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

4

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding

timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.    Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.    Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.    From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

6

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims.  Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.      Causes of Action Against Colbert

32.     Allstate assigned Colbert to adjust this claim.  Colbert was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Colbert did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Colbert refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.     Defendant Colbert's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Colbert's is individually liable for his unfair and deceptive acts, irrespective of the fact Colbert was acting on behalf of Allstate, because Colbert is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association,

7

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Colbert's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Colbert's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.     Defendant Colbert failed to explain to Plaintiff the reasons for the offer or offers of an

8

inadequate settlement.   Specifically, Defendant Colbert failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Colbert did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Colbert's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Colbert did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate.   Defendant Colbert's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Allstate

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

41.     Allstate breached the contract of insurance it had with Plaintiff.  Allstate breached the

contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the

terms of the Policy in question and under the laws in the State of Texas.

### B.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

42.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were

made actionable by TEX. INS. CODE § 541.151.

43.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to

Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §

5410.060(a)(1).

44.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in

good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §

541.060(a)(2)(A).

45.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly

provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or

applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

   **C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

11

**D.      Breach of the Duty of Good Faith and Fair Dealing**

52.      Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.      Knowledge**

53.      Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**DAMAGES**

54.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.      The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.      For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.      For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages.   TEX. INS. CODE § 541.152.

58.      For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the

amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is  entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

**JURY DEMAND**

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

**DISCOVERY REQUESTS**

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

**PRAYER**

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

13

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:   */s/ Matthew J. Worrall*
**Matthew J. Worrall**
SBN: 24070883
**William H. Barfield**
SBN: 24031725
**Andrew A. Woellner**
SBN: 24060850
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
         wbarfield@potts-law.com
         awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

14

4/22/2016 4:36:22 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10268061
By: LUGO, BONNIE
Filed: 4/22/2016 4:36:22 PM

CIVIL PROCESS REQUEST FORM

## 2016-26094 / Court: 190

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____     CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition _____

FILE DATE OF MOTION: April 22, 2016 _____
                                          Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.   NAME: Allstate Texas Lloyds _____

     ADDRESS: 1999 Bryan Street, Suite 900, Dallas, Texas 75201 _____

     AGENT, (if applicable): CT Corporation System _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

     SERVICE BY (check one):
     ☐ ATTORNEY PICK-UP              ☐ CONSTABLE
     ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
     ☐ MAIL                          ☒ CERTIFIED MAIL
     ☐ PUBLICATION:
       Type of Publication:   ☐ COURTHOUSE DOOR,  or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
     ☐ OTHER, explain _____

### ATTENTION:  Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

*********************************************************************************************

2.   NAME: Allen Michael Colbert _____

     ADDRESS: 5415 Margaret Lane, Beaumont, Texas 77708 _____

     AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

     SERVICE BY (check one):
     ☐ ATTORNEY PICK-UP              ☐ CONSTABLE

     ☐ CIVIL PROCESS SERVER -  Authorized Person to Pick-up: _____   Phone: _____

     ☐ MAIL                          ☒ CERTIFIED MAIL

     ☐ PUBLICATION:
       Type of Publication:   ☐ COURTHOUSE DOOR,  or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
     ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Matthew J. Worrall _____     TEXAS BAR NO./ID NO. 24070883 _____

MAILING ADDRESS: 100 Waugh Drive, Suite 350, Houston, Texas 77007 _____

PHONE NUMBER: 713_____  963-8881_____     FAX NUMBER: 713_____ 574-2938_____
                area code       phone number                           area code      fax number

EMAIL ADDRESS: _____

7 0156640 0004 5594 039                                     NC

CAUSE NO.  201626094

RECEIPT NO.                                    75.00        CTM
           ----------                          TR # 73240037

PLAINTIFF: LISTI, SAMUEL,                      In The    190th
        vs.                                    Judicial District Court
DEFENDANT: ALLSTATE TEXAS LLOYDS               of Harris County, Texas
                                               190TH DISTRICT COURT
                                               Houston, TX

                        CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris                               **FILED**
                                               **Chris Daniel**
                                               **District Clerk**

TO: ALLSTATE TEXAS LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT    APR 26 2016
    C T CORPORATION SYSTEM                                           Time: _____
                                                                     Harris County, Texas
    1999  BRYAN STREET SUITE 900    DALLAS TX  75201 - 3136          By _____
                                                                           Deputy
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION FIRST SET OF INTERROGATORIES FIRST SET
    OF REQUESTS FOR PRODUCTION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of April, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 Days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of April, 2016, under my hand and
seal of said Court.

                                               _Chris Daniel_

Issued at request of:                          CHRIS DANIEL, District Clerk
WORRALL, MATTHEW JAMES                         Harris County, Texas
100  WAUGH, SUITE 350                          201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 963-8881
Bar No.: 24070883                              Generated By: CHAMBERS, WANDA RENEE  ULW//10365666

                        CLERK'S RETURN BY MAILING

Came to hand the ___ ___ day of _____ _____ _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
PLAINTIFFS ORIGINAL PETITION FIRST SET OF INTERROGATORIES FIRST SET
to the following addressee at address

                                               ADDRESS

_____               Service was executed in accordance with Rule 106
(a)ADDRESSEE                                      (2) TRCP, upon the Defendant as evidenced by the
                                                  return receipt incorporated herein and attached
_____                  hereto at

                                               on ___ ___ day of _____ _____,
                                               by U.S. Postal delivery to _____

                                               This citation was not executed for the following
                                               reason: _____

                                               CHRIS DANIEL, District Clerk
                                               Harris County, TEXAS

                                               By _____ _____, Deputy

                                               **RECORDER'S MEMORANDUM**
                                               This instrument is of poor quality
H.IST.CITM.P        *73240037*                    at the time of imaging

7015 0640 0004 5594 0312

CAUSE NO. 201628094

RECEIPT NO.                                          75.00     CTM
..........                          TR # 73240035

PLAINTIFF: LISTI, SAMUEL                    In The   190th
        vs.                                 Judicial District Court
DEFENDANT: ALLSTATE TEXAS LLOYDS            of Harris County, Texas
                                            190TH DISTRICT COURT
                                            Houston, TX

                    CITATION (CERTIFIED)

THE STATE OF TEXAS                          **FILED**
County of Harris                            Chris Daniel
                                            District Clerk

                                            APR 26 2016
TO: COLBERT, ALLEN MICHAEL                  Time:_____ Harris County, Texas

    5415 MARGARET LANE  BEAUMONT TX 77708           By_____ Deputy

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION FIRST SET OF INTERROGATORIES FIRST SET
OF REQUESTS FOR PRODUCTION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of April, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of April, 2016, under my hand and
seal of said Court.

                                            Chris Daniel

Issued at request of:                       CHRIS DANIEL, District Clerk
WORRALL, MATTHEW JAMES                      Harris County, Texas
100  WAUGH, SUITE 350                       201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 963-8881
Bar No.: 24070983                           Generated By: CHAMBERS, WANDA RENEE  DLW//10365666

                    CLERK'S RETURN BY MAILING

Came to hand the ____ day of _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFFS ORIGINAL PETITION FIRST SET OF INTERROGATORIES FIRST SET
to the following addressee at address:

_____              _____
                                           ADDRESS

_____              Service was executed in accordance with Rule 106
(a)ADDRESSEE                                   (2) TRCP, upon the Defendant as evidenced by the
                                               return receipt incorporated herein and attached
_____                  hereto at

                                           _____
                                           on ____ day of _____,
                                           by U.S. Postal delivery to _____

                                           This citation was not executed for the following
                                           reason:_____

                                           CHRIS DANIEL, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

                                           **RECORDER'S MEMORANDUM**
                                           This instrument is of poor quality
H.INT.CTML.P                               at the time of imaging
                          *73240035*

CONFIRMED FILE DATE: 4/27/2016



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

7015 0640 0004 5594 0312

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  2.20
$
Total
$ 8.20
Sent To   COLBERT, ALLEN MICHAEL
Street    5415 MARGARET LANE
City      BEAUMONT, TEXAS 77708

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

RECEIVED MR
APR 2016
Chris Daniel
District Clerk
190
26094

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

7015 0640 0004 5594 0329

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  2.20
$
Total
$ 8.20
Sent To   ALLSTATE TEXAS LLOYDS BY SERVING ITS
Street    REGISTERED AGENT C T CORPORATION SYSTEM
          1999 BRYAN STREET STE 900
City      DALLAS, TEXAS 75201-3136

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

RECEIVED MR
APR 2 7 2016
Chris Daniel
District Clerk
190
26094

2016-26094

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

CONFIRMED FILE DATE: 5/6/2016

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

ALLSTATE TEXAS LLOYDS BY SERVING ITS
REGISTERED AGENT C T CORPORATION SYSTEM
1999 BRYAN STREET STE 900
DALLAS, TEXAS 75201-3136

190-16-26094

9590 9402 1380 5285 6418 30

2. Article Number *(Transfer from service label)*

7015 0640 0004 5594 0329

A. Signature
X _____  ☐ Agent
☐ Addressee
B. Received by *(Printed Name)*   C. Date of Delivery
Chris Wells   MAY 02 2016
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
⊙ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**F I L E D**
Chris Daniel
District Clerk
MAY - 6 2016
Time: _____
Harris County, Texas
By _____
Deputy

---

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 1380 5285 6418 30

United States
Postal Service

RECEIVED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TX

2016 MAY -6  AM 9: 02

BY _____
MAIL _____

• Sender: Please print your name, address, and ZIP+4® in this box•

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

2016-26094

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

5/20/2016 11:46:03 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10742061
By: Arron Sonnier
Filed: 5/20/2016 11:46:03 AM

CAUSE NO. 2016-26094

| | | |
|---|---|---|
| SAMUEL LISTI | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND | § | |
| ALLEN MICHAEL COLBERT | § | |
| | § | |
| Defendants. | § | 190th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ALLSTATE TEXAS LLOYD'S files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

## I.
## ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegation contained within Plaintiff's Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.
## PRAYER

Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

---

DEFENDANT ALLSTATE TEXAS LLOYD'S ORIGINAL ANSWER          PAGE 1
2460780v1
00364.999

Respectfully submitted,

*/s/ John B. Reyna*
John B. Reyna
State Bar No. 24098318
Roger D. Higgins
State Bar No. 09601500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
jreyna@thompsoncoe.com
rhiggins@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT ALLSTATE
TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic file notification and/or facsimile to the following counsel on May 20, 2016:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
Email: mworrall@potts-law.com
Email: wbarfield@potts-law.com
Email: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ John B. Reyna*
John B. Reyna